RAMÓN MONTANER, MANAGER OF THE STATE INSURANCE FUND, Appellant, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent; ALEJANDRO RAMOS ET AL., Claimants.

No. 204. Argued July 15, 1940.—Decided July 19, 1940.

*George A. Malcolm, Attorney General, E. de Aldrey, Assistant Attorney General, Víctor J. Vidal González, and G. Atiles Moréu, Legal Advisers of the State Insurance Fund, for appellant. Virgilio Brunet and Miguel A. Casiano for claimants.*

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The question involved in this case is whether or not an appeal of certain minors from a decision of the Manager of the State Insurance Fund was timely taken to the Industrial Commission.

The corpse of Alejandro Santiago, a workman, was found floating in the waters of the port of Mayagüez. Until the time of his disappearance, the workman had been working for his employer, Mayagüez Dock & Shipping Co.

From the investigation made, pursuant to law, by the State Insurance Fund, it appeared that during the last five years the workman had been living in concubinage with Ramona Vélez, from which union two children were born

that subsequently died, she bringing into the home three children of her own by another man. A brother of the workman testified that the latter supported with the proceeds of his work only his concubine and her three children. According to the testimony of the mother, her children were thirteen, eleven, and nine years of age, respectively.

The Manager of the Fund decided that the case was not compensable, as no industrial accident was involved. His decision was notified to the workman's concubine on July 20, 1939.

In that situation, on the 29th of the following November, Ramona Vélez, for herself and as the mother with *patria potestas* over her children Mario, María Concepción, and Alejandro Santiago, through their attorneys took an appeal from the decision of the manager to the commission. Two days afterward, the manager moved the commission to dismiss the appeal, as the same had been taken after the expiration of the period of thirty days provided by the rules fixing the time for workmen to appeal from the decisions of the Manager of the State Insurance Fund, promulgated by the Governor of Puerto Rico, on June 26, 1939, in accordance with the law. Administrative Bulletin No. 616.

The commission heard the parties and decided that, although the notice had been duly served on the mother of the minors, the time for taking an appeal had not even started running, as minors were involved. It based its decision on section 40 of the Code of Civil Procedure. It consequently denied the motion to dismiss, and it is from such ruling that the Manager of the Fund has taken the present appeal, in which the interested minors have also appeared, in opposition thereto.

In our judgment, the decision appealed from is supported by one of the grounds adduced by counsel for the minors, and it is unnecessary to consider the one on which the commission relied as a basis for its decision. Said ground is that the minors, whose interest appeared from the

very investigation made by the Manager of the Fund, were never duly served with notice of the adverse decision of the manager and had filed their claim within one year from the date of the occurrence of the accident.

The delivery of the notice to Ramona Vélez was not equivalent to the required service of notice on her children, who were less than fourteen years of age. The decision of the manager says at the end thereof: "Let notice be served on Doña Ramona Vélez Santiago, residing in the ward of Santo Domingo, Mayagüez," that is, on her personally, not on her children, nor even on her as mother with *patria potestas* over her minor children.

The special law governing the claim contains no provision fixing the manner in which such service should be made, and therefore the general rules of the Code of Civil Procedure, which require personal service on the minor, should be applied. Subdivision 3 of section 93 of said code. *Vías* v. *Estate of Pérez et al*, 15 P.R.R. 714; *Federal Land Bank* v. *District Court*, 45 P.R.R. 113, 118.

That being so, it must be concluded that the appeal of the minors was timely taken, and that the present proceeding for review should be dismissed.

Mr. Justice De Jesús took no part in the decision of this case.